**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**TYRONE BROOKS**                                                                          **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:18-cv-61-DCB-MTP**

**GABIRAL WALKER and DIANE WALKER**                                **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e)(B)(ii) for failure to state a claim. Having considered the record and applicable law, the undersigned recommends that this case be dismissed and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

**BACKGROUND**

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. This lawsuit arises from events which took place while Plaintiff was a post-conviction inmate at Wilkinson County Correctional Facility ("WCCF"). Although this action arises from WCCF, Plaintiff also discusses events which allegedly occurred at other prisons.

Plaintiff first describes events which took place while he was incarcerated at South Mississippi Correctional Institution ("SMCI"). According to Plaintiff, on or about February 26, 2016, multiple inmates, who were members of a gang, attacked Plaintiff using broomsticks and other weapons. Thereafter, Plaintiff allegedly explained to officials at SMCI that gang members were seeking to kill him. On March 1, 2016, Plaintiff was transferred to the Mississippi State Penitentiary ("MSP"). Plaintiff alleges that, while at MSP, he cut himself hoping to be placed on suicide watch because gang members had access to him.

1

On July 28, 2016, Plaintiff was transferred to WCCF, where he was housed in the protective custody unit.  According to Plaintiff, on November 21, 2016, Defendant Diane Walker accused Plaintiff of assaulting her and issued him a rule violation report.  Diane Walker also allegedly threatened to have Plaintiff killed by gang members.  According to Plaintiff, Diane Walker is the sister of Defendant Gabiral Walker.  Plaintiff alleges that gang members were housed in protective custody along with him.

According to Plaintiff, on November 28, 2016, he "busted" the inmate microwave in an effort to be placed in segregation.  Plaintiff also alleges that on April 21, 2017, he attempted to escape from the recreation yard because he felt "all hope was gone."  On April 28, 2017, Plaintiff was transferred to Central Mississippi Correctional Facility ("CMCF").  On May 29, 2018, Plaintiff filed this action.  As relief, Plaintiff seeks to remain incarcerated at CMCF and not subject to a transfer.

## STANDARD

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  However, "the tenant

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

Plaintiff's allegations implicate his constitutional rights under the Eighth Amendment, which "affords prisoners protection against injury at the hands of other inmates." *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).  However, every injury suffered by one prisoner at the hands of another does not amount to a constitutional violation by prison officials. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To prevail on a failure to protect claim, Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

First, the undersigned notes that Plaintiff does not allege that he was physically injured during his incarceration at WCCF, nor does he allege that Defendants—officers at WCCF—were responsible for the events which allegedly occurred at SMCI and MSP. The law is clear that "[n]o federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e). In the absence of any allegation of physical injury, Plaintiff has failed to allege facts which would support a claim for compensatory damages against Defendants. *See Castellano v. Treno*, 79 Fed. App'x 6 (5th Cir. 2003).

Additionally, the injunctive relief requested by Plaintiff—that he be housed in CMCF for the remainder of his incarceration—is not available. "An inmate does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another." *Johnson v. King*, 2013 WL 1729247, at *2 (S.D. Miss. April 22, 2013) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)); *see also Blakeney v. Holman*, 2013 WL 4483433, at *4 (S.D. Miss. Aug. 19, 2013); *Rockett v. Keffer*, 2009 WL 775482, at *4 (W.D. La. Mar. 24, 2009). It would be an unreasonable interference with prison administration to rule that Plaintiff must be housed at a facility of his choosing based on his generalized fear of coming into contact with any inmate who may be a gang member. *Jones v. U.S.*, 534 F.2d 53, 54 (5th Cir. 1976) (prison officials have broad discretion, free from judicial interference, in determining prisoner assignments); *Kahey v. jones*, 836 F.2d 948, 950 (5th Cir. 1988) (courts defer to prison administrators concerning day-to-day prison operations). Moreover, Plaintiff does not allege that Defendants, as officers at WCCF, possess the authority to have Plaintiff housed in CMCF for the remainder of his incarceration.

Finally, to the extent Plaintiff seeks to assert a claim based on Diane Walker's alleged threat to have Plaintiff killed by gang members, the law is clear that allegations of verbal abuse and threats do not amount to constitutional violations. *See McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); *Robertson v. Plano City*, 70 F.3d 21, 24 (5th Cir. 1995); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973) (the use of words, no matter how violent, does not comprise a Section 1983 violation); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (sheriff's threat to "hang" prisoner does not amount to a constitutional violation); *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) (allegations that officers threatened to kill inmate not cognizable under Section 1983).

## RECOMMENDATION

Plaintiff fails to state a claim against Defendants upon which relief may be granted. Therefore, the undersigned recommends that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).[1]

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the

---

[1] Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 10th day of May, 2019.

s/ Michael T. Parker
United States Magistrate Judge